-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ABIMAEL MANSO-DIAZ,

                    Plaintiff,

                                                    **DECISION and ORDER**
          -v-                                       05-CV-0134S

JAMES F. SHERMAN, Warden McKean Federal Correction Institution,

                    Defendant.

          Plaintiff has filed this action alleging, under 42 U.S.C. § 1983, that when he was

incarcerated at McKean Federal Correction Institution, which is a federal correctional

institution located in Pennsylvania within the Western District of Pennsylvania, he received

inadequate medical care in violation of his rights under the Eighth Amendment  to the

United States Constitution.   He also alleges a stale law negligence claim.   While plaintiff

purports to bring this action under § 1983, it is actually a federal civil rights claim under

*Bivens v.* Six *Unknown Named Agents*, 403 U.S. 388, 398, 91 S. Ct. 1999, 2005, 29 L.

Ed.2d 619 (1971) (Harlan, J., concurring), because it is brought against an individual

acting under color of federal, not state, law.   Because venue was improperly laid in this

District, pursuant to 28 U.S.C. § 1391(b)(1)-(2), the Court hereby orders that this action be

transferred, pursuant to 28 U.S.C. § 1406(a), to the United States District Court for the

Western District of Pennsylvania.

          Section 1391(b) of Title 28, which is the general venue provision for "arising under"

claims, provides that:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

The complaint is brought against the Warden of the McKean Federal Correction Institution.  As noted, McKean is located in the State of Pennsylvania, within the Western District of Pennsylvania, and the allegations set forth in the complaint relate to events or occurrences that occurred while plaintiff was incarcerated at McKean.  Accordingly, the only proper venue for this matter is the Western District of Pennsylvania where (1) the only defendant resides, 28 U.S.C. § 1391(b)(1), and (2) where a "substantial part of the events or omissions giving rise to the claim occurred, *id.*, § 1391(b)(2).

Section 1406(a) of Title 28 provides "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  The determination to transfer, rather than dismiss, a case pursuant to § 1406(a) lies within the sound discretion of the district court judge, *see Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir.1993); *Sadler v. Rowland*, No. 3:01CV1786(CFD)(WIG), 2004 WL 2061127, at *5 (D.Conn., Sept. 13, 2004), and a district court may transfer a case *sua sponte* on its own motion.  *See Sadler*,  2004 WL 2061127, at *5 (citations omitted); *Unlimited Care, Inc. v. Visiting Nurse Assoc. of Eastern Massachusetts, Inc.*, 98 Civ. 2419, 1999 WL 181384, at *4 (S.D.N.Y. Mar. 31, 1999).  This Court finds, in its discretion, that

transfer, rather than dismissal, would be in the interest of justice and, therefore, this matter will be transferred to the Western District of Pennsylvania.  *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-467, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962) (The purpose of 28 U.S.C. § 1406(a)'s transfer provision is to "remov[e] whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits."); *ICC Handels v. Seabird*, 544 F.Supp. 58, 62 (S.D.N.Y.1982) (citing *Goldlawr*).

IT IS HEREBY ORDERED that this action be transferred to the United States District Court for the Western District of Pennsylvania.

SO ORDERED.

Dated:      May 23,  2005
             Buffalo, New York

<u>/s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge

3